## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES L. BROWN, *on behalf of himself and all others simil*arly *situated,* | : | |
| | : | |
| **Plaintiffs** | : | **CIVIL ACTION NO. 3:14-0591** |
| | : | |
| **v.** | : | |
| | : | **(JUDGE MANNION)** |
| ACCESS MIDSTREAM PARTNERS, L.P., CHESAPEAKE ENERGY CORP., and DOMENIC J. DELL'OSSO, JR., | : | |
| | : | |
| **Defendants** | : | |
| | : | |

| | | |
|---|---|---|
| THE SUESSENBACH FAMILY LIMITED PARTNERSHIP, JAMES S. SUESSENBACH, *individually and on behalf of himself and all others simil*arly *situated,* and GINA M. SUESSENBACH, *individually and on behalf of all others similarly situated,* | : | |
| | : | **CIVIL ACTION NO. 3:14-1197** |
| | : | |
| | : | **(JUDGE MANNION)** |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| ACCESS MIDSTREAM PARTNERS, L.P., and CHESAPEAKE ENERGY CORPORATION, | : | |
| | : | |
| **Defendants** | : | |
| | : | |

## <u>MEMORANDUM</u>

Pending before the court are the following motions filed in Civil Action

No. 3:14-0591: (1) a Motion to Consolidate the above-captioned matters filed

on behalf of the Suessenbach plaintiffs, (Doc. 46); (2) a Motion to Appoint

Michael D. Donovan, Noah Axler, and the Law Firm of Donovan Axler, LLC, as Interim Class Counsel in the Brown case, (Doc. 50); and (3) a Motion to Appoint Kessler Topaz Meltzer & Check, LLP, ("Kessler Topaz"), as Interim Class Counsel and Rosenn Jenkins & Greenwald LLP, ("Rosenn Jenkins"), as Interim Liaison Counsel, (Doc. 54). Also pending is the Suessenbach plaintiffs' Motion to Appoint Kessler Topaz as Interim Class Counsel and Rosenn Jenkins as Interim Liaison Counsel filed in Civil Action No. 3:14-1197. (Doc. 15).

Because the court writes for the parties, who are familiar with the factual and procedural background of the above-captioned matters, the court does not set forth the details of those matters herein. Suffice it to say that the Suessenbachs have filed a motion to have the above-captioned matters consolidated under the provisions of Fed.R.Civ.P. 42.

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it *may* order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

(Emphasis added).

Rule 42(a) . . . confers upon a district court broad power, whether at the request of a party or upon its own initiative, to consolidate causes for trial as may facilitate the administration of justice." Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc., 339 F.2d 673, 675-76 (3d Cir. 1964), *cert. denied*, 382 U.S. 812 (1965). Although the existence of common issues is a prerequisite

for consolidation, the mere fact that multiple actions involve common issues of fact or law does not compel consolidation. Russell v. United States, 2012 WL 2792239, at *2 (M.D. Pa. July 9, 2012) (citing Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp., 149 F.R.D. 65, 80 (D.N.J. 1993)). In considering a motion to consolidate, the court must balance the savings of time and effort gained through consolidation against the prejudice, inconvenience, or expense that it might cause. See Mincy v. Chmielewski, 2006 WL 1997457, at *2 (M.D.Pa. 2006) (citing Bernardi v. City of Scranton, 101 F.R.D. 411, 413 (M.D.Pa. 1983)). The moving party bears the burden of proof on a motion to consolidate. See Borough of Olyphant v. PPL Corp., 153 Fed.Appx. 80 (3d Cir. 2005). See also Vicky M. v. Ne. Educ. Intermediate Unit, 2010 WL 481244, at *1 (M.D. Pa. Feb. 4, 2010).

With respect to the Suessenbachs' motion to consolidate, the court notes initially that, by order dated September 30, 2014, the above-captioned matters have already been consolidated for purposes of discovery. (Civil Action No. 3:14-0591, Doc. 74). The question that remains is whether the cases should be consolidated for all purposes. After reviewing the motion to consolidate and related briefing, the court finds that the balance weighs against complete consolidation of the above actions at this time. The court will therefore deny the Suessenbachs' motion to consolidate the above-captioned matters. The denial will however be without prejudice subject to renewal, if necessary, after the completion of discovery.

Upon review, it is apparent that the above actions have certain factual

and legal similarities. For instance, both actions allege in some fashion that the plaintiffs were forced to pay inflated gathering and transportation fees. In addition, the actions each allege that it was a conspiracy between defendants Access Midstream Partners, L.P., and Chesapeake Energy Corporation which resulted in the inflated fees. Further, each action sets forth claims of violations of the Racketeer Influenced and Corrupt Organizations Act, ("RICO"), and unjust enrichment.

Of concern to Mr. Brown, who opposes the Suessenbachs' motion to consolidate,[1] is the fact that the Suessenbachs have two leases which control their claims: a primary lease, a/k/a the Anadarko Lease, which contains language that is materially different from Mr. Brown's lease language, and a secondary lease, which is admittedly similar to Mr. Brown's lease. Mr. Brown argues that the differences of the Suessenbachs' primary lease may effect the issue of class certification in his case because courts rely on the specific

---

[1]Access Midstream Partners, L.P., has filed a response to the motion to consolidate in which it indicates that it does not oppose consolidation of the above-captioned matters *for discovery purposes* so long as the provisions of the court's July 15, 2014 case management order continue to apply, and so long as it does not result in prejudice or delay, including in considering any pending and to be filed motions to dismiss. (Doc. 49) (emphasis added). Access Midstream does not address the motion to consolidate outside of the discovery context.

Chesapeake Energy Corporation and Domenic J. Dell-Osso, Jr., have also filed a response to the motion to consolidate in which they indicate that they do not oppose consolidation of the above-captioned matters, so long as resolution of the motions to dismiss filed in Brown are not delayed and limitations already set by the court continue to be in place in the consolidated cases. (Doc. 53).

lease language to determine, in the first instance, the central royalty obligations and do not mandate application of an across-the-board formula without reference to that lease language. Mr. Brown argues that the differences between the named plaintiff's lease language and those of class members has already led to a number of courts denying class certification in gas royalty underpayment cases on commonality and typicality grounds.

Also of concern to Mr. Brown is that, although the interpretation of the Suessenbachs' Anadarko lease with respect to royalties and deductions will be necessary for the Suessenbach's claims, it is irrelevant to the claims in his case. Therefore, Mr. Brown argues that consolidation would force him and the purported class in his case to address legal and factual issues related to the Suessenbachs' lease where they would otherwise not have to do so.

Mr. Brown further argues that the Suessenbachs have failed to engage Chesapeake Appalachia in any litigation or arbitration, although they allege that Chesapeake Appalachia was the party with which they contracted and which committed the predicate RICO acts of sending the royalty statements reflecting overcharges. Mr. Brown argues that this is a practical impediment to their case in that the ability to get discovery from a party, even if in arbitration, is streamlined when compared to seeking third party discovery. Mr. Brown, on the other hand, is currently engaging in arbitration with Chesapeake Appalachia. He argues that the Suessenbachs should not be permitted to cure their lack of an action against Chesapeake Appalachia through consolidation with his case.

5

Finally, Mr. Brown argues that significant work has been done in his case, including the initiation of discovery, the retention of consultants with expertise in the natural gas industry and, in particular, in the pricing and costs of natural gas gathering and transportation, and the preparation of responses to initial dispositive motions. Mr. Brown argues that none of this work was performed with the expectation of having to take into account the issues raised in the Suessenbachs' action and it would prejudice him and the purported class to have to alter their litigation strategy if these cases were consolidated.

The Suessenbachs counter that Mr. Brown's concerns relating to streamlining discovery with Chesapeake Appalachia and the work conducted thus far do not warrant denial of consolidation. The court agrees with these arguments. The initial intent of consolidation is "to streamline and economize pretrial proceedings so as to avoid duplication of effort", see In re TMI Litig., 193 F.3d 613, 724 (3d Cir. 1999) (quoting In re Prudential Secs. Inc. Ltd. Partnerships Litig., 158 F.R.D. 562, 571 (S.D.N.Y. 1994)). This intent is being served by this court's order consolidating the above actions for purposes of discovery. Moreover, as to the work conducted in the matter thus far, the litigation is still in the early phases with initial motions to dismiss currently pending before the court.

The Suessenbachs, citing to an unpublished Northern District of

6

Oklahoma case[2] which is not binding upon this court, also argue that the issue at hand is simply whether the above actions should be consolidated under Fed.R.Civ.P. 42(a) and any impact on a potential class certification should not be considered. In Lindley, the plaintiff argued that consolidation would deprive him of his "right" to be a class representative. Lindley, 2009 WL 2601949 at *4. The court in that case found the plaintiff's concern to be irrelevant, indicating that the plaintiff did not have the "right" to file and maintain a class action. Id. While this court agrees that Mr. Brown does not have a "right" to file and maintain a class action, See Ortiz v. Fibreboard, 527 U.S. 815, 846, 119 S.Ct. 2295, 144 L.Ed.2d 715 (1999); Hansberry v. Lee, 311 U.S. 32, 42-43, 61 S.Ct. 115, 85 L.Ed. 22 (1940), the job of Mr. Brown's counsel is to consider what impact, if any, consolidation will have upon his clients' case, whether that case has been brought on an individual basis or otherwise. Mr. Brown's case has from the beginning been brought as a purported class action. Therefore, whether consolidation of the matters will effect counsel's ability to get a class certified is a valid concern for him. Further, at this stage, it is uncertain whether the addition of issues related to the Suessenbachs' Anadarko lease will act to confuse matters in the Brown case and force those in the Brown case to expend time on issues that they may otherwise need not have to address. For these reasons, the court finds that, at this time, consolidation of the above-captioned matters for all

---

[2]Lindley v. Life Investors Ins. Co. of America, 2009 WL 2601949 (N.D. Okla. Aug. 20, 2009).

purposes would not facilitate the administration of justice. The Suessenbachs' motion for consolidation will therefore be denied. However, the denial is without prejudice, subject to renewal, if after completion of discovery, the parties uncover additional information which they feel may be relevant to the issue of consolidation.

The court next considers the motions filed to appoint interim counsel. Rule 23(g)(3) of the Federal Rules of Civil Procedure provides that the court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." In complex cases, appointment of interim class counsel can clarify the responsibilities of the parties prior to class certification. Manual for Complex Litigation (Fourth) §21.11. The same factors governing the appointment of class counsel apply when appointing interim class counsel. See e.g., In re Air Cargo Shipping Servs. Antitrust Litig., 240 F.R.D. 56, 57 (E.D.N.Y. 2006). Rule 23(g)(1) provides that a court appointing class counsel:

(A)  must consider:

(i)  the work counsel has done in identifying or investigating potential claims in the action;

(ii)  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii)  counsel's knowledge of the applicable law; and

(iv)  the resources that counsel will commit to representing the

8

class;

(B)     may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;

(C)     may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs;

(D)     may include in the appointing order provisions about the award of attorney's fees or nontaxable costs under Rule 23(h); and

(E)     may make further orders in connection with the appointment.

Fed.R.Civ.P. 23(g)(1). When more than one adequate applicant is seeking appointment as interim class counsel, the court must "appoint the applicant best able to represent the interests of the class." Fed.R.Civ.P. 23(g)(2).

In light of the fact that the court has determined that consolidation of the above-captioned matters beyond discovery is not warranted at this time, and because of the work that each counsel has performed in their own respective case, the court finds it appropriate to appoint Michael D. Donovan, Noah Axler, and the Law Firm of Donovan Axler, LLC, as interim class counsel in the Brown case, Civil Action No. 3:14-0591. That motion will therefore be granted. The motion filed in the Brown case to appoint Kessler Topaz as interim class counsel and Rosenn Jenkins as interim liaison counsel will be denied. The motion filed in the Suessenbach case, Civil Action No. 3:14-1197, to appoint Kessler Topaz as interim class counsel and Rosenn Jenkins as interim liaison counsel will be granted with respect to the Suessenbach action

9

only and not with respect to any other action.

Based upon the foregoing, an appropriate order shall issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**


**Date:  March 31, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-0591-01.wpd

10