# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES L. BROWN and ALICE R. BROWN, ) | |
| on behalf of themselves ) | |
| and all others similarly situated, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:14-cv-00591-MEM |
| ) | |
| ACCESS MIDSTREAM PARTNERS, L.P., ) | |
| CHESAPEAKE ENERGY CORP., and ) | |
| DOMENIC J. DELL'OSSO, JR., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ACCESS MIDSTREAM PARTNERS, L.P.'S
## ANSWER TO AMENDED CLASS ACTION COMPLAINT

Defendant Access Midstream Partners, L.P., n/k/a Williams Partners L.P. ("Access"), by and through undersigned counsel, hereby answers the putative Amended Class Action Complaint ("Complaint") of Plaintiffs James L. Brown and Alice R. Brown (collectively, "Plaintiffs") in accordance with the numbered paragraphs thereof, as set forth below. To the extent the paragraphs in the Complaint are grouped under headings or contain footnotes, Access responds generally that such headings, groupings and footnotes are conclusions of law or fact and denies each and every such allegation made or implied by such headings, groupings or footnotes. Access further states that any allegation in the Complaint that is not expressly admitted below is denied.

## SPECIFIC RESPONSES

1.      Denied.   The allegations of paragraph 1 are legal conclusions to which no response is required.   To the extent the allegations of paragraph 1 merely characterized the Complaint, they are denied. To the extent that paragraph 1 contains factual allegations, the allegations are denied.

2.      Denied.   Paragraph 2 states legal conclusions to which no response is required. To the extent that paragraph 2 contains factual allegations, such allegations are denied.

3.      Admitted in part and denied in part.   It is admitted only that on December 20, 2012, Access acquired Chesapeake Midstream Operating, LLC ("CMO") from Chesapeake for over $2 billion.   Access presently lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 3.

4.      Admitted in part and denied in part.   It is admitted that the first sentence of paragraph 4 quotes in part and out of context from Access' 8K, filed December 26, 2012.   It is admitted that the second sentence of paragraph 4 quotes in part and out of context from Access' 8K, filed December 26, 2012.   It is further admitted that Access entered into a gas gathering agreement with Chesapeake Appalachia, LLC. The 8-K is a writing and any characterization thereof is denied.   The remaining allegations of paragraph 4 are denied.

5.      Denied.

6.      Denied.   Paragraph 6 states legal conclusions to which no response is required. To the extent that paragraph 6 contains factual allegations, such allegations are denied.

7.      Denied.   Paragraph 7 states legal conclusions to which no response is required. To the extent that paragraph 7 contains factual allegations, such allegations are denied.

8.      Denied.   Paragraph 8 states legal conclusions to which no response is required.

9.      Denied.  Paragraph 9 states legal conclusions to which no response is required.

10.      Denied.  Access presently lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 10.

11.      Denied.  Access presently lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 11.

12.      Admitted.

13.      Admitted in part and denied in part.  It is admitted that Access is a limited partnership formed under Delaware law and its principal place of business is at One Williams Tower in Tulsa, Oklahoma 74172.  By way of further answer, Chesapeake Midstream Partners, L.P. changed its name to Access Midstream Partners, L.P., effective July 24, 2012.  On February 2, 2015, Access Midstream Partners, L.P. merged with and changed its name to Williams Partners L.P.  To avoid confusion, this Answer uses only the name Access.

14.      Denied.  The allegations of paragraph 14 characterize Plaintiffs' Complaint and are therefore denied.  Access presently lacks knowledge or information about Plaintiffs' oil and gas leases and whether Plaintiffs have brought any claims in arbitration and, therefore, denies all such allegations in paragraph 14.  The remaining allegations of paragraph 14 state legal conclusions to which no response is required.

15.      Admitted in part and denied in part.  It is admitted only that Domenic J. Dell'Osso, Jr. has been the Executive Vice President and Chief Financial Officer of Chesapeake and was a member of the board of directors of Access.  Access denies that Mr. Dell'Osso is a member of the board of directors of Access.  Access presently lacks knowledge or information to form a belief about the truth of the remaining allegations of paragraph 15.

16.    Denied.  Access presently lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 16.

17.    Admitted in part and denied in part.  It is admitted only that a copy of a document titled "Paid-Up Oil & Gas Lease" and dated June 20, 2007, is attached as Exhibit A to the Complaint.  The Agreement to which paragraph 17 purports to refer is a writing, and any characterization thereof is denied.  Access presently lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 17.

18.    Admitted in part and denied in part.  It is admitted only that a copy of a document titled "Paid-Up Oil & Gas Lease" and dated June 20, 2007, is attached as Exhibit B to the Complaint.  The Agreement to which paragraph 18 purports to refer is a writing, and any characterization thereof is denied.  Access presently lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 18.

19.    Denied.  Access presently lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 19.

20.    Denied.  Access presently lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 20.

21.    Admitted in part and denied in part.  It is admitted that production of natural gas from a well involves a wellhead and that, after production, natural gas often is gathered from a receipt point and delivered to a delivery point, which could be an interstate transmission pipeline or an intrastate transportation pipeline.  Access admits the allegations in the last sentence of paragraph 21.  The remaining allegations of paragraph 21 are denied.

22.    Admitted in part and denied in part.  It is admitted that the Marcellus basin is a large natural gas reserve located, in part, in Pennsylvania. Access presently lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations of paragraph 22.

23.    Denied.   The allegations of paragraph 23 are legal conclusions to which no response is required.   To the extent that paragraph 23 contains factual allegations, Access presently lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 23.

24.    Denied.   The allegations of paragraph 24 are legal conclusions to which no response is required.   To the extent that paragraph 24 contains factual allegations, Access presently lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 24.

25.    Denied.   Access presently lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 25.

26.    Admitted in part and denied in part.   It is admitted only that Chesapeake announced in February 2012, its intent to sell certain midstream assets.   Access presently lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 26.

27.    Admitted in part and denied in part.   It is admitted that, on December 19, 2012, certain Chesapeake midstream assets were owned by CMO.   Access presently lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 27.

28.    Admitted.

29.    Admitted.

30.    Admitted in part and denied in part.  It is admitted that, in connection with the CMO acquisition, Access entered into gas gathering agreements with certain Chesapeake subsidiaries, including Chesapeake Appalachia.  The remaining allegations of paragraph 30 are denied.

31.    Admitted in part and denied in part.  It is admitted that Access has disclosed terms of certain of its gas gathering agreements.  It is further admitted that paragraph 31 of the Complaint refers to a certain ProPublica article.  The ProPublica article is a writing and any characterization thereof is denied.  To the extent the ProPublica article refers to an agreement to which Access is a party, the agreement is a writing and any characterization thereof is denied.  It is specifically denied, if alleged, that the ProPublica article is accurate. The remaining allegations of paragraph 31 are denied.

32.    Denied.  Paragraph 32 of the Complaint references certain gathering agreements, which are writings, and any characterization thereof is denied.

33.    Admitted in part and denied in part.  It is admitted that the first three sentences of paragraph 33 cites in part and out of context to an Access 8-K.  The remaining allegations of paragraph 33 are denied.

34.    Admitted in part and denied in part.  It is admitted that paragraph 34 quotes in part and out of context from an Access 8-K.  The remaining allegations of paragraph 34 reference certain gathering agreements, which are writings, and any characterization thereof is denied.

35.    Admitted in part and denied in part.  It is admitted that the first sentence of paragraph 35 cites in part and out of context to an Access 8K.  It is further admitted that paragraph 35 of the Complaint, including the footnote thereto, references the ProPublica article,

certain gas gathering agreements, and anchor shipper agreements, SEC filings, and other documents. All such documents are writings and any characterization thereof is denied. To the extent the ProPublica article refers to an agreement to which Access is a party, the agreement is a writing and any characterization thereof is denied. It is specifically denied, if alleged, that the ProPublica article is accurate. The remaining allegations of paragraph 35 are denied.

36.     Admitted in part and denied in part. It is admitted only that paragraph 36 references the ProPublica article. The ProPublica article is a writing and any characterization thereof is denied. To the extent the ProPublica article refers to an agreement to which Access is a party, the agreement is a writing and any characterization thereof is denied. It is specifically denied, if alleged, that the ProPublica article is accurate. The remaining allegations of paragraph 36 are denied.

37.     Denied.

38.     Denied. It is specifically denied that the expenses built into the Marcellus fee are inflated. The ProPublica article is a writing and any characterization thereof is denied. It is specifically denied, if alleged, that the ProPublica article is accurate. Access presently lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 38.

39.     Denied.

40.     Admitted in part and denied in part. It is admitted that some of Plaintiffs' royalty statements are attached to the Complaint as Exhibit D. Access presently lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 40.

41.     Admitted in part and denied in part.  It is admitted that paragraph 41 refers in part and out of context to an Access 8-K.  The remaining allegations of paragraph 41 reference certain gathering agreements, which are writings, and any characterization thereof is denied.  The remaining allegations of paragraph 41 are denied.

42.     Denied.   The documents contained in Exhibit D are writings, and any characterization thereof is denied.  The remaining allegations of paragraph 42 are denied.

43.     Denied.   The documents contained in Exhibit E are writings, and any characterization thereof is denied.  The remaining allegations of paragraph 43 are denied.

44.     Denied.   The documents contained in Exhibit E are writings, and any characterization thereof is denied.  The remaining allegations of paragraph 44 are denied.

45.     Admitted in part and denied in part.  It is admitted only that Access is a limited partnership formed under Delaware law and its principal place of business is at One Williams Tower, Tulsa, Oklahoma 74172.  By way of further answer, Chesapeake Midstream Partners, L.P. changed its name to Access Midstream Partners, L.P., effective July 24, 2012.  On February 2, 2015, Access Midstream Partners, L.P. merged with and changed its name to Williams Partners L.P.  The remaining allegations of paragraph 45 are denied.

46.     Denied.

47.     Admitted in part and denied in part.  It is denied that J. Mike Stice is CEO of Access.  The remaining allegations of paragraph 47 are admitted.

48.     Admitted in part and denied in part.  It is admitted that Mr. Dell'Osso was a member of the board of directors of Access.  Access presently lacks sufficient knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 48.

49.    Admitted in part and denied in part.  It is admitted only that Mr. Stice and Mr. Dell'Osso were officers of a subsidiary of Chesapeake.  Access presently lacks knowledge or information sufficient to form a belief about whether Mr. Dell'Osso is an officer of Chesapeake. Access denies the remaining allegations of paragraph 49.

50.    Denied.

51.    Admitted in part and denied in part.  It is admitted that Access, in its SEC filings, has made reference to agreements between it and Chesapeake.  The allegations of paragraph 51 characterize Access' SEC filings and agreements referenced therein, and are therefore denied. The remaining allegations of paragraph 51 are denied.

52.    Denied.

53.    Denied.  It is denied that Access has charged inflated costs for gathering and transportation services.  Access presently lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations of paragraph 53.

54.    Denied.  Access presently lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54.

55.    Denied.  Paragraph 55 states legal conclusions to which no response is required.

56.    Denied.  Paragraph 56 states legal conclusions to which no response is required.

57.    Denied.  Paragraph 57 states legal conclusions to which no response is required.

58.    Denied.  Paragraph 58 states legal conclusions to which no response is required.

59.    Denied.  Paragraph 59 states legal conclusions to which no response is required.

60.    Denied.  Paragraph 60 states legal conclusions to which no response is required.

61.    Denied.  Paragraph 61 states legal conclusions to which no response is required.

62.    Access incorporates its responses to the preceding paragraphs.

63.    Denied.  Paragraph 63 states legal conclusions to which no response is required.

64.    Denied.  Paragraph 64 states legal conclusions to which no response is required. To the extent that paragraph 64 contains factual allegations, such allegations are denied.

65.    Denied.  Paragraph 65 states legal conclusions to which no response is required. To the extent that paragraph 65 contains factual allegations, such allegations are denied.

66.    Denied.  Paragraph 66 states legal conclusions to which no response is required. To the extent that paragraph 66 contains factual allegations, such allegations are denied.

67.    Denied.  Paragraph 67 states legal conclusions to which no response is required.

68.    Denied.  Paragraph 68 states legal conclusions to which no response is required. To the extent that paragraph 68 contains factual allegations, such allegations are denied.

69.    Denied.  Paragraph 69 states legal conclusions to which no response is required. To the extent that paragraph 69 contains factual allegations, such allegations are denied.

70.    Denied.  Paragraph 70 states legal conclusions to which no response is required. To the extent that paragraph 70 contains factual allegations, such allegations are denied.

71.    Denied.  Paragraph 71 states legal conclusions to which no response is required.

72.    Denied.  Paragraph 72 states legal conclusions to which no response is required. To the extent that paragraph 72 contains factual allegations, such allegations are denied.

73.    Denied.  Paragraph 73 states legal conclusions to which no response is required. To the extent that paragraph 73 contains factual allegations, such allegations are denied.

74.    Denied.  Paragraph 74 states legal conclusions to which no response is required. To the extent that paragraph 74 contains factual allegations, such allegations are denied.

75.    Denied.  Paragraph 75 states legal conclusions to which no response is required. To the extent that paragraph 75 contains factual allegations, such allegations are denied.

76.    Denied.  Paragraph 76 states legal conclusions to which no response is required. To the extent that paragraph 76 contains factual allegations, such allegations are denied.

77.    Denied.  Paragraph 77 states legal conclusions to which no response is required. To the extent that paragraph 77 contains factual allegations, such allegations are denied.

78.    Denied.  Paragraph 78 states legal conclusions to which no response is required.

79.    Access incorporates its responses to the preceding paragraphs.

80.    Denied.  Paragraph 80 states legal conclusions to which no response is required. To the extent that paragraph 80 contains factual allegations, such allegations are denied.

81.    Denied.  Paragraph 81 states legal conclusions to which no response is required. To the extent that paragraph 81 contains factual allegations, such allegations are denied.

82.    Denied.

83.    Denied.

WHEREFORE, Access requests that judgment be entered against Plaintiffs as follows:

A.    That Plaintiffs take nothing by this action;

B.    That Access recover all its fees and costs of this suit as allowed by law;

C.    That Access be awarded such other and further relief as the Court deems just and proper.

## **ADDITIONAL DEFENSES**

Access alleges the following additional defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law:

**FIRST ADDITIONAL DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because they have asserted improper causes of action against improper parties.

**SECOND ADDITIONAL DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because they are not ripe.

**THIRD ADDITIONAL DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the gist of the action doctrine and/or the economic loss doctrine.

**FOURTH ADDITIONAL DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver and/or acquiescence.

**FIFTH ADDITIONAL DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification.

**SIXTH ADDITIONAL DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the damages alleged in the Complaint were caused by others.

**SEVENTH ADDITIONAL DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not suffer any harm as a result of the actions of Access.

### EIGHTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the gas gathering agreement to which Plaintiffs repeatedly cite in their Complaint - the so-called "Marcellus Gathering Agreement" - does not apply to Plaintiffs' properties.

### NINTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the gas gathering rates Chesapeake has paid to Access are not supra-competitive.

### TENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Access' gas gathering rates to Chesapeake were permissible under Federal and Pennsylvania laws.

### ELEVENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred because Plaintiffs have suffered no injury under the facts alleged and therefore lack standing.

### TWELFTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate their damages, if any occurred.

### THIRTEENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Complaint cannot be sustained as a class action.

### FOURTEENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

## FIFTEENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Access' actions were at all times privileged.

## SIXTEENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

Access reserves the right to raise more additional defenses and to amend its Answers provided herein, in accordance with the Federal Rules of Civil Procedure, as discovery proceeds.

Respectfully submitted,

/s/John S. Summers
John S. Summers
Alan C. Promer
Dylan J. Steinberg
HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 496-7062

And

Michael J. Gibbens (*pro hac vice*)
Victor E. Morgan (*pro hac vice*)
Susan E. Huntsman (*pro hac vice*)
Christopher B. Woods (*pro hac vice*)
CROWE & DUNLEVY
A Professional Corporation
500 Kennedy Building
321 South Boston Avenue
Tulsa, OK 74103-3313
(918) 592-9800
(918) 592-9801 (Facsimile)
victor.morgan@crowedunlevy.com
michael.gibbens@crowedunlevy.com
susan.huntsman@crowedunlevy.com
christopher.woods@crowedunlevy.com

And

Mack J.  Morgan III (*pro hac vice*)
CROWE & DUNLEVY
A Professional Corporation
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, Oklahoma 73102
(405) 235-7700
(405) 239-6651 (Facsimile)
mack.morgan@crowedunlevy.com
ATTORNEYS FOR ACCESS MIDSTREAM
PARTNERS, L.P.

## **<u>CERTIFICATE OF SERVICE</u>**

I, John S. Summers, certify that on this 18th day of November, 2015, a copy of the foregoing Answer to Amended Class Action Complaint was filed with the Court via the Electronic Court Filing System and is available for download.

/s/John S. Summers
John S. Summers