**DrinkerBiddle&Reath**
LLP

Seamus C. Duffy
215-988-2440 Direct
215-988-2757 Fax
seamus.duffy@dbr.com

*Law Offices*
One Logan Square, Ste. 2000
Philadelphia, PA
19103-6996

(215) 988-2700 phone
(215) 988-2757 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON D.C.
WISCONSIN

February 25, 2016

**VIA ECF AND HAND DELIVERY**

The Honorable Malachy E. Mannion
U.S. District Court for the Middle District of Pennsylvania
P.O. Box 1148
235 N. Washington Avenue
Scranton, PA 18501-1148

> Re: *Brown v. Access Midstream Partners, L.P., et al.*, No. 14-cv-00591-MEM, and *The Suessenbach Family Limited Partnership, et al. v. Access Midstream Partners, L.P., et al.*, No. 14-cv-01197-MEM

Dear Judge Mannion:

After conferring with counsel for the parties, I write to provide the Court with an update on the status of the *Brown* and *Suessenbach* actions.

The parties were engaged in discovery during the latter part of 2015 with the goal of substantially completing document production by the end of 2015. In connection with that discovery process, the parties began discussing the potential resolution of these actions before class certification briefing. To that end, the parties scheduled a mediation before Judge Cahn to be held on December 10, 2015. In advance of that mediation, the parties exchanged documents and information in aid of the mediation process, submitted mediation statements, and held a day-long pre-mediation session to enhance the productivity of the mediation itself.

The day before the mediation, however, the Pennsylvania Attorney General filed a purported *parens patriae* action against Chesapeake Energy Corporation ("Chesapeake"), other Chesapeake affiliates, and Williams Partners, L.P. (formerly Access Midstream Partners, L.P. ("Access")) in the Court of Common Pleas of Bradford County, Pennsylvania. Among the many claims in that broadly pleaded complaint, the Attorney General asserted a claim on behalf of Pennsylvania lessors, alleging the same purported misconduct and seeking the same restitution as in these *Brown* and *Suessenbach* actions. The defendants filed preliminary objections to the Attorney General's complaint, and the Attorney General filed an amended complaint on February 8, 2016, against Chesapeake, its affiliates, and an additional industry defendant. The amended complaint does not assert any claims against Access, and thus Access has been effectively dismissed from the Attorney General's lawsuit.

In December 2015, the Attorney General also filed an objection to the pending settlement in *Demchak Partners Limited Partnership v. Chesapeake Appalachia, L.L.C.*, No. 3:13-cv-2289, seeking to have the Court rewrite the settlement release agreed to by

*Established* 1849

DrinkerBiddle&Reath
LLP

February 25, 2016
Page 2

the *Demchak* parties after years of mediation and negotiation. The notion that the Attorney General intends to interfere with settlement agreements between civil litigants so that it can sue separately on behalf of the same lessors makes individually-negotiated resolutions of these civil cases difficult.

Because of the challenges created by the Attorney General's conduct, we have been working with counsel for the other parties to explore options for how best to proceed in these *Brown* and *Suessenbach* cases. To address these issues, we respectfully request a conference with the Court. At a minimum, the parties agree that the case schedule must be extended, as discovery related to class certification had been interrupted by intervening events and the deadline for class certification briefing is March 25, 2016.

Respectfully,

/s/ Seamus C. Duffy
Seamus C. Duffy

cc: Peter A. Muhic, Esq.
Michael D. Donovan, Esq.
Robert D. Schaub, Esq.
Robert E. McCann, Esq.
Daniel T. Donovan, Esq.
Daniel T. Brier, Esq.
John S. Summers, Esq.
Michael J. Gibbens, Esq.
Lewis Liman, Esq.
(via ECF)