IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES L. BROWN and ALICE R. BROWN, on behalf of themselves and all others similarly situated, | :<br>:<br>:<br>: |
| Plaintiffs, | :<br>: |
| v. | : No.  3:14-cv-00591-MEM |
| | : |
| ACCESS MIDSTREAM PARTNERS, L.P., CHESAPEAKE ENERGY CORP., and DOMINIC J. DELL'OSSO, JR., | :<br>:<br>:<br>: |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT ACCESS MIDSTREAM PARTNERS, L.P.'S
MOTION TO AMEND ANSWER**

Access filed its original *Answer to Amended Class Action Complaint* on November 18, 2015. (Dkt. #134.)  Pursuant to the original scheduling order (Dkt. #42), the deadline to file amended pleadings passed on December 1, 2014, almost a year before Access's original answer was due.  While the schedule has been amended several times, this deadline has not been changed.  Under the current scheduling order, factual discovery is scheduled to close on February 22, 2017, with expert discovery and dispositive motions due on June 23, 2017.  (Dkt. #141.)

As set forth in the recent letters to the Court, during the latter part of 2015, the parties participated in document discovery in this case and its companion case, *The Suessenbach Family Ltd. Partnership, et al. v. Access Midstream Partners, L.P., et al.*, No. 3:14-cv-01197-MEM (the "Suessenbach Action").  (Dkt. #137.)  In December, the parties exchanged mediation statements, held a pre-mediation session, and prepared for a mediation that was cancelled following a filing by the Pennsylvania Attorney General in state court.  As a result, Plaintiffs noted that "the case

schedule needs to be extended, as discovery was slowed while the parties focused on settlement negotiations." (Dkt. #138.)

Earlier, on February 18, counsel for Access provided counsel for Plaintiffs a copy of its proposed amendments to its Answer (the same as attached hereto) and sought their consent to the amendment. Following oral discussion, Plaintiffs requested time to consider their position and, on March 7, 2016, Plaintiffs' counsel stated they would not consent. This motion, therefore, is opposed.

The purpose of the amendments is to clarify the correct entities on whose board Mr. Dell'Osso served and with whom certain agreements were entered, as well as to align the defenses asserted in this action with those asserted in the Suessenbach Action, which has been consolidated with this matter for discovery purposes.

In addition, in the Fall of 2015, the Court preliminarily approved a class settlement in another matter, *Demchak Partners Limited Partnership, et al. v. Chesapeake Appalachia, L.L.C.*, No. 3:13-cv-2289 ("*Demchak*"). Due to the same circumstances that necessitated the parties' recent letters to the Court, the process to approve the settlement in *Demchak* is not yet complete. However, in an abundance of caution, Access has sought to add defenses to its amended answer that could be relevant were the *Demchak* settlement approved and found to apply to all or part of the claims or damages in the current litigation.

Under Fed. R. Civ. P. 15(a)(2), the Court should freely give Access leave to amend when justice so requires. The Third Circuit has specifically noted that under this rule, "a responsive pleading may be amended at any time by leave of court to include an affirmative defense," and "[u]nless the opposing party will be prejudiced, leave to amend should generally be allowed." *Charpentier v. Godsil*, 937 F.2d 859, 863-64 (3d Cir. 1991). Plaintiffs cannot show prejudice

from delay in this case. The parties have conducted primarily written discovery to date, and the factual discovery cutoff is almost one year away. The defenses sought to be added are precautionary and only help to clarify the issues. Access's proposed amendment will aid in the development of this case. There is no prejudice.

Access, therefore, respectfully requests that the Court direct the clerk to file *Access Midstream Partners, L.P.'s Amended Answer to Amended Class Action Complaint*, attached as Exhibit "A" to its Motion.

Dated: March 24, 2016

HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER

By: /s/ John S. Summers
John S. Summers
Alan C. Promer
Dylan J. Steinberg
One Logan Square, 27th Floor
Philadelphia, PA  19310
(215) 496-7062
jsummers@hangley.com
apromer@hangley.com
dsteinberg@hangley.com

-and-

Michael J. Gibbens *(pro hac vice)*
Victor E. Morgan *(pro hac vice)*
Susan E. Huntsman *(pro hac vice)*
Christopher B. Woods *(pro hac vice)*
CROWE & DUNLEVY
A Professional Corporation
500 Kennedy Building
321 South Boston Avenue
Tulsa, OK 74103-3313
(918) 592-9800
(918) 592-9801 (Facsimile)
mike.gibbens@crowedunlevy.com
victor.morgan@crowedunlevy.com
christopher.woods@crowedunlevy.com
susan.huntsman@crowedunlevy.com

-and-

Mack J. Morgan III *(pro hac vice)*
CROWE & DUNLEVY
A Professional Corporation
Braniff Building
324 N. Robinson Ave., Ste. 100
Oklahoma City, OK 73102
(405) 235-7700
(405) 239-6651 (Facsimile)
mack.morgan@crowedunlevy.com

*Attorneys for Access Midstream Partners, L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of March, 2016, that I caused the foregoing *Memorandum of Law in Support of Defendant Access Midstream Partners, L.P.'s Motion to Amend Answer* to be filed electronically using the Court's electronic filing system, and that the filing is available to counsel for all parties for downloading and viewing from the electronic filing system.

/s/ John S. Summers
John S. Summers