# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES L. BROWN and ALICE R. BROWN, on behalf of themselves and all others similar situated,

Plaintiffs,

v.

ACCESS MIDSTREAM PARTNERS, L.P., CHESAPEAKE ENERGY CORP., and DOMENIC J. DELL'OSSO, JR.,

Defendants.

No. 3:14-cv-00591-MEM

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
## CHESAPEAKE ENERGY CORPORATION'S
## MOTION TO AMEND ANSWER

Chesapeake Energy Corporation ("Chesapeake") filed its original Answer and Affirmative and Other Defenses to Amended Class Action Complaint on November 18, 2015. (Dkt. #136). Pursuant to the original scheduling order (Dkt. #42), the deadline to file amended pleadings passed on December 1, 2014, almost a year before Chesapeake's original answer was due. Although the schedule has been amended several times, this deadline has not been changed. Under the current scheduling order, factual discovery is scheduled to close on February 22, 2017, with expert discovery and dispositive motions due on June 23, 2017. (Dkt. #141).

As set forth in the recent letters to the Court, during the latter part of 2015, the parties participated in document discovery in this case and its companion case, *The Suessenbach Family Ltd. Partnership, et al. v. Access Midstream Partners, L.P., et al.*, No. 3:14-cv-01197-MEM. (Dkt. #137). In December, the parties exchanged mediation statements, held a pre-mediation session, and prepared for a mediation that was cancelled following a filing by the Pennsylvania Attorney General in state court. In light of these events, Plaintiffs noted that "the case schedule needs to be extended, as discovery was slowed while the parties focused on settlement negotiations." (Dkt. #138). Chesapeake agreed that the schedule required amendment and further flagged its intention to file a motion to stay this action pending resolution of the Attorney General's overlapping lawsuit in state court. (Dkt. #140). On March 23, 2016, Chesapeake filed its motion to stay. (Dkt. #142).

That same day, out of an abundance of caution, counsel for Chesapeake provided counsel for Plaintiffs a copy of its proposed amendments to its Answer (the same as attached hereto) and sought their consent to the amendments. On March 24, 2016, Plaintiffs' counsel stated they would not consent. This motion, therefore, is opposed.[1]

---

[1] On March 24, 2016, Defendant Access Midstream Partners, L.P., n/k/a Williams Partners, L.P. ("Access") filed a motion for leave to amend its answer that Plaintiffs likewise oppose. (Dkt. #144). The changes Access proposes to make to

The purpose of the amendments is to address the potential effects of the Court's preliminary approval of a class settlement in another matter, *Demchak Partners Ltd. Partnership, et al. v. Chesapeake Appalachia, L.L.C.*, No. 3:13-cv-02289-MEM ("*Demchak*") that occurred in the Fall of 2015. Due to the same circumstances that necessitated the parties' recent letters to the Court, the process to approve the settlement in *Demchak* is not yet complete. However, in an abundance of caution, Chesapeake has sought to add defenses to its Amended Answer that could be relevant were the *Demchak* settlement approved and found to apply to all or part of the claims or damages in the current litigation.

Under Federal Rule of Civil Procedure 15(a)(2), the Court should freely give Chesapeake leave to amend when justice so requires. The Court of Appeals has specifically noted that under this rule, "a responsive pleading may be amended at any time by leave of court to include an affirmative defense," and "[u]nless the opposing party will be prejudiced, leave to amend should generally be allowed." *Charpentier v. Godsil*, 937 F.2d 859, 863-64 (3d Cir. 1991). Plaintiffs cannot show prejudice from delay in this case. The parties have conducted primarily written discovery to date, and the factual discovery cutoff is almost one year away. The defenses sought to be added are precautionary and only help to clarify the

---

its answer are nearly identical to those that Chesapeake seeks leave to make to its answer in this action. The content of this motion, therefore, is substantially the same as the content of Access's pending motion for leave to amend.

3

issues. Chesapeake's proposed amendment will aid in the development of this case. There is no prejudice.

Chesapeake, therefore, respectfully requests that the Court direct the clerk to file Defendant Chesapeake Energy Corporation's Amended Answer and Affirmative and Other Defenses to Amended Class Action Complaint, attached as Exhibit A to its Motion.

Dated:  April 1, 2016                    Respectfully submitted:

/s/ Daniel T. Brier
Daniel T. Brier
John B. Dempsey
**MYERS BRIER & KELLY, LLP**
425 Spruce Street, Suite 200
Scranton, PA 18503
Tel: (570) 342-6100
Fax: (570) 342-6147
Email:  dbrier@mbklaw.com
             jdempsey@mbklaw.com

Seamus C. Duffy (*pro hac vice*)
Kathryn E. Deal (*pro hac vice*)
**DRINKER BIDDLE & REATH LLP**
One Logan Square, Suite 2000
Philadelphia PA 19103
Tel: (215) 988-2700
Fax: (215) 988-2757
Email:  seamus.duffy@dbr.com
             kathryn.deal@dbr.com

Daniel T. Donovan  (*pro hac vice*)
Ragan Naresh (*pro hac vice*)
**KIRKLAND & ELLIS LLP**

4

655 Fifteenth Street, NW
Washington, DC 20005
Tel: (202) 879-5000
Fax: (202) 879-5200
Email:  daniel.donovan@kirkland.com
        ragan.naresh@kirkland.com

*Counsel for Defendant*
*Chesapeake Energy Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties who have appeared in this action via the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Daniel T. Brier
Daniel T. Brier