## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES L. BROWN and ALICE R. BROWN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ACCESS MIDSTREAM PARTNERS, L.P., CHESAPEAKE ENERGY CORPORATION, and DOMENIC J. DELL'OSSO, JR.,<br><br>Defendants. | CIVIL ACTION NO. 3:14-cv-00591<br><br><br><br>**DEFENDANT CHESAPEAKE ENERGY CORPORATION'S AMENDED ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO AMENDED CLASS ACTION COMPLAINT** |

Defendant Chesapeake Energy Corporation ("Chesapeake") respectfully files the following Amended Answer and Affirmative and Other Defenses to Plaintiffs' Amended Class Action Complaint ("Amended Complaint").

Chesapeake denies the facts alleged in the preamble to the Amended Complaint, except that Chesapeake admits only that Plaintiffs purport to have asserted claims on behalf of themselves, both individually and as representatives of a putative class.

## <u>INTRODUCTION</u>

1.    Chesapeake denies the allegations in paragraph 1 of the Amended Complaint, except that Chesapeake admits only that Plaintiffs purport to have

asserted claims on behalf of themselves, both individually and as representatives of a putative class.

2.    Chesapeake denies the allegations in paragraph 2 of the Amended Complaint.  With respect to the allegations in footnote 1 of the Amended Complaint, Chesapeake admits only that Chesapeake Appalachia, L.L.C. ("CALLC") is not a named defendant in this action, that Plaintiff James Brown's lease with CALLC contains an arbitration clause, and that Plaintiff James Brown has purported to file a class-wide arbitration against CALLC.  Chesapeake denies the remaining allegations in footnote 1 of the Amended Complaint, denies that Plaintiff James Brown is entitled to pursue a class action in an arbitral forum, and denies that Plaintiff James Brown is entitled to the relief requested in that arbitration.

3.    Chesapeake denies the allegations in paragraph 3 of the Amended Complaint, except that Chesapeake Midstream Operating, L.L.C. ("CMO"), including its midstream assets, was acquired by Access Midstream Partners, L.P. on December 20, 2012, and that the total consideration was more than $2 billion.

4.    To the extent the allegations in paragraph 4 of the Amended Complaint rely on an Access Midstream SEC filing, the allegations are denied because the SEC filing is a written document, the content of which speaks for itself.  To the extent these allegations are intended to independently allege facts, as

opposed to simply characterizing the contents of an SEC filing which is itself hearsay, the allegations are denied. Chesapeake denies the remaining allegations in paragraph 4 of the Amended Complaint. By way of further response, the Gas Gathering Agreements referred to in this paragraph of the Amended Complaint do not apply to Plaintiffs' wells.

5.     Chesapeake denies the allegations in paragraph 5 of the Amended Complaint. By way of further response, the Gas Gathering Agreement referred to in this paragraph of the Amended Complaint does not apply to Plaintiffs' wells.

6.     The allegations in paragraph 6 of the Amended Complaint are conclusions of law to which no response is necessary. To the extent allegations in paragraph 6 are deemed factual, such allegations are denied. By way of further response, the Gas Gathering Agreements referred to in this paragraph of the Amended Complaint do not apply to Plaintiffs' wells.

7.     The allegations in paragraph 7 of the Amended Complaint are conclusions of law to which no response is necessary. To the extent allegations in paragraph 7 are deemed factual, such allegations are denied. By way of further response, the Gas Gathering Agreement referred to in this paragraph of the Amended Complaint does not apply to Plaintiffs' wells.

## JURISDICTION AND VENUE

8.      The allegations in paragraph 8 of the Amended Complaint are conclusions of law to which no response is necessary.  To the extent allegations in paragraph 8 are deemed factual, such allegations are denied.

9.      The allegations in paragraph 9 of the Amended Complaint are conclusions of law to which no response is necessary.  To the extent allegations in paragraph 9 are deemed factual, such allegations are denied.

## PARTIES

10.     Chesapeake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Amended Complaint and, therefore, the allegations are denied.  By way of further response, the allegations in paragraph 10 of the Amended Complaint refer to a writing, the content of which speaks for itself, and thus to the extent a response is required the allegations are denied.

11.     Chesapeake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Amended Complaint and, therefore, the allegations are denied.  By way of further response, the allegations in paragraph 11 of the Amended Complaint refer to a writing, the content of which speaks for itself, and thus to the extent a response is required the allegations are denied.

12.    Chesapeake admits the allegations in paragraph 12 of the Amended Complaint.

13.    Chesapeake admits only that Access Midstream is a Delaware limited partnership.  Chesapeake denies the remaining allegations in paragraph 13 of the Amended Complaint.

14.    Chesapeake admits only that CALLC is not a named defendant in this action, that Plaintiffs' leases with CALLC each contain an arbitration clause, and that Plaintiff James Brown has purported to file a class-wide arbitration against CALLC.  Chesapeake denies the remaining allegations in paragraph 14 of the Amended Complaint, denies that Plaintiff James Brown is entitled to pursue a class action in an arbitral forum, and denies that Plaintiff James Brown is entitled to the relief requested in that arbitration.  By way of further response, the allegations in paragraph 14 of the Amended Complaint refer to writings, the contents of which speak for themselves, and thus to the extent a response is deemed required those allegations are denied.

15.    Chesapeake admits that Domenic J. Dell'Osso, Jr. was appointed as the Executive Vice President and Chief Financial Officer of Chesapeake, CALLC, Chesapeake Energy Marketing, Inc. (now Chesapeake Energy Marketing, L.L.C. ("CEMLLC")), Chesapeake Exploration, L.L.C. ("CELLC"), and Chesapeake Operating, Inc. (now Chesapeake Operating, L.L.C. ("COLLC")) in November

2010.  Chesapeake also admits that Mr. Dell'Osso was appointed as the Executive Vice President and Chief Financial Officer of Chesapeake Midstream Development, L.L.C. ("CMD") in October 2012.  Chesapeake also admits that Mr. Dell'Osso served as a director of Access Midstream's general partner, Access Midstream Partners GP, L.L.C. from May 11, 2011 to July 1, 2014.  The last sentence of paragraph 15 of the Amended Complaint states a conclusion of law to which no response is necessary.  To the extent the allegations in the last sentence of paragraph 15 of the Amended Complaint are deemed factual, they are denied.  Chesapeake denies all remaining allegations in paragraph 15 of the Amended Complaint.

## FACTUAL BACKGROUND

16.     Chesapeake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Amended Complaint and, therefore, the allegations are denied.

17.     The allegations in paragraph 17 of the Amended Complaint refer to a writing, the content of which speaks for itself, and thus to the extent a response is required the allegations are denied.

18.     The allegations in paragraph 18 of the Amended Complaint refer to a writing, the content of which speaks for itself, and thus to the extent a response is required the allegations are denied.

19.    The allegations in paragraph 19 of the Amended Complaint refer to written documents, the contents of which speak for themselves, and thus to the extent a response is required the allegations are denied.  By way of further response, Chesapeake denies that leases "throughout the Marcellus basin" are "practically uniform."

20.    Chesapeake admits the allegations in paragraph 20 of the Amended Complaint.

21.    Chesapeake admits only that natural gas is generally located in sub-surface deposits, that the natural gas can be extracted using hydraulic fracturing, that intrastate transmission pipelines connect to major interstate transmission pipelines that transport natural gas throughout the United States, and that gas transportation that precedes entry of the gas into the interstate transmission pipeline is sometimes referred to as "gathering."  Chesapeake denies the remaining allegations in paragraph 21 of the Amended Complaint.

22.    Chesapeake admits only that the Marcellus basin in Pennsylvania contains large natural gas deposits and that Chesapeake has conducted natural gas drilling and hydraulic fracturing operations in the basin.  Chesapeake denies the remaining allegations in paragraph 22 of the Amended Complaint.

23.    Chesapeake admits only that its subsidiary, CALLC, has entered into oil and gas leases with Pennsylvania residents.  Chesapeake denies the remaining

allegations in the first sentence of paragraph 23 of the Amended Complaint. The allegations in the second sentence of paragraph 23 of the Amended Complaint refer to written documents, the contents of which speak for themselves, and thus to the extent a response is required the allegations are denied.

24.    The allegations in paragraph 24 of the Amended Complaint refer to written documents, the contents of which speak for themselves, and thus to the extent a response is required the allegations are denied.

25.    Chesapeake denies the allegations in paragraph 25 of the Amended Complaint. To the extent the allegations in paragraph 25 are intended not to allege facts but, rather, to allege that certain hearsay statements are contained in the Forbes article referenced in footnote 4 of the Amended Complaint, the Forbes article is a written document, the content of which speaks for itself, and thus to the extent a response is required the allegations are denied.

26.    The allegations in paragraph 26 of the Amended Complaint refer to a written document, the content of which speaks for itself. To the extent a response is deemed required, Chesapeake admits only that it stated in a February 2012 news release that it anticipated monetization of a portion of its midstream assets, and denies all remaining allegations in paragraph 26 of the Amended Complaint.

27.    The allegations in paragraph 27 of the Amended Complaint refer to a written document, the content of which speaks for itself. To the extent the

allegations in paragraph 27 are intended to independently allege facts, as opposed to simply characterizing the contents of a document which is itself hearsay, Chesapeake admits the allegations of paragraph 27 of the Amended Complaint.

28.     The allegations in paragraph 28 of the Amended Complaint refer to a written document, the content of which speaks for itself.  To the extent the allegations in paragraph 28 are intended to independently allege facts, as opposed to simply characterizing the contents of a document which is itself hearsay, Chesapeake admits only that it completed the sale of CMO to Access Midstream on December 20, 2012, and denies all remaining allegations of paragraph 28 of the Amended Complaint.

29.     The allegations in paragraph 29 of the Amended Complaint refer to a written document, the content of which speaks for itself.  To the extent a response is deemed required, Chesapeake admits only that it stated in a December 2012 press release that it received $2.16 billion in consideration from Access Midstream for the sale of CMO and its midstream assets.

30.     The allegations in paragraph 30 of the Amended Complaint refer to a written document, the content of which speaks for itself.  To the extent the allegations in paragraph 30 are intended to independently allege facts, as opposed to simply characterizing the contents of a document which is itself hearsay, Chesapeake denies the allegations in paragraph 30 of the Amended Complaint.  By

way of further explanation, subsidiaries of Access Midstream, not Access Midstream, replaced Chesapeake Midstream as the beneficiary of certain contractual obligations and entered into gas gathering agreements with several Chesapeake subsidiaries.  Regardless, the Gas Gathering Agreements referred to in this paragraph of the Amended Complaint do not apply to Plaintiffs' wells.

31.    The allegations in paragraph 31 of the Amended Complaint refer to public disclosures and a written online article (the "*ProPublica* Article"), which are written documents, the contents of which speak for themselves, and the allegations therefore are denied.  By way of further response, Chesapeake denies the allegations in paragraph 31 of the Amended Complaint.

32.    The allegations in paragraph 32 of the Amended Complaint refer to a written document, the content of which speaks for itself.  To the extent the allegations in paragraph 32 are intended to independently allege facts, as opposed to simply characterizing the contents of a document which is itself hearsay, Chesapeake denies the allegations in paragraph 32 of the Amended Complaint.  By way of further response, the Gas Gathering Agreements referred to in this paragraph of the Amended Complaint do not apply to Plaintiffs' wells.

33.    The allegations in paragraph 33 of the Amended Complaint refer to a writing, the content of which speaks for itself, and the allegations therefore are denied.  To the extent the allegations in paragraph 33 are intended to independently

allege facts, as opposed to simply characterizing the contents of a document which is itself hearsay, Chesapeake denies the allegations in paragraph 33 of the Amended Complaint.   By way of further response, the Marcellus Gas Gathering Agreement does not apply to Plaintiffs' wells.

34.     The allegations in paragraph 34 of the Amended Complaint refer to a written document, the content of which speaks for itself.  To the extent the allegations in paragraph 34 are intended to independently allege facts, as opposed to simply characterizing the contents of a document which is itself hearsay, Chesapeake denies the allegations in paragraph 34 of the Amended Complaint.  By way of further response, the quoted language does not appear in the document cited in footnote 12 of the Amended Complaint.  In any event, the Marcellus Gas Gathering Agreement does not apply to Plaintiffs' wells.

35.     The allegations in paragraph 35 of the Amended Complaint refer to the *ProPublica* Article, which is a written document, the content of which speaks for itself, and the allegations therefore are denied.  To the extent the allegations in paragraph 35 are intended to independently allege facts, as opposed to simply characterizing the contents of an article which is itself hearsay, the allegations are denied.  By way of further response, the Marcellus Gas Gathering Agreement does not apply to Plaintiffs' wells.  The allegations in footnote 14 of the Amended Complaint are directed towards another party, thus no response from Chesapeake

is required.  Additionally, the allegations in footnote 14 refer to writings, the

contents of which speak for themselves, and thus to the extent a response is

required the allegations in footnote 14 are denied.

36.    The allegations in paragraph 36 of the Amended Complaint refer to

the *ProPublica* Article, which is a written document, the content of which speaks

for itself, and the allegations therefore are denied.  To the extent the allegations in

paragraph 36 are intended to independently allege facts, as opposed to simply

characterizing the contents of an article which is itself hearsay, the allegations are

denied.  By way of further response, the Marcellus Gas Gathering Agreement does

not apply to Plaintiffs' wells.

37.    The allegations in paragraph 37 of the Amended Complaint refer to

the *ProPublica* Article, which is a written document, the content of which speaks

for itself, and the allegations therefore are denied.  To the extent the allegations in

paragraph 37 are intended to independently allege facts, as opposed to simply

characterizing the contents of an article which is itself hearsay, the allegations are

denied.   By way of further response, the Marcellus Gas Gathering Agreement does

not apply to Plaintiffs' wells.

38.    The allegations set forth in the paragraph 38 of the Amended

Complaint refer to the *ProPublica* Article, which is a written document, the

content of which speaks for itself, and the allegations therefore are denied.  To the

extent the allegations of paragraph 38 are intended to independently allege facts, as opposed to simply characterizing the contents of an article which is itself hearsay, the allegations are denied.   By way of further response, the Marcellus Gas Gathering Agreement does not apply to Plaintiffs' wells.

39.    Chesapeake denies the allegations in paragraph 39 of the Amended Complaint.  By way of further response, the Marcellus Gas Gathering Agreement does not apply to Plaintiffs' wells.

40.    Chesapeake admits only that Plaintiffs have attached certain royalty statements as Exhibit D to the Amended Complaint.  These royalty statements are written documents, the contents of which speak for themselves, and the allegations therefore are denied.  The remaining allegations in paragraph 40 of the Amended Complaint are conclusions of law to which no response is necessary.  To the extent any of those allegations are deemed factual, such allegations are denied.

41.    Chesapeake denies the allegations in paragraph 41 of the Amended Complaint.  By way of further response, the Marcellus Gas Gathering Agreement does not apply to Plaintiffs' wells.

42.    Chesapeake admits only that "mcf" is a gas volume measurement that denotes thousand cubic feet of gas, and that Plaintiffs have attached certain royalty statements as Exhibit D to the Amended Complaint.  These royalty statements are written documents, the contents of which speak for themselves, and the allegations

therefore are denied. Chesapeake lacks knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 15 of the Amended Complaint and, therefore, the allegations are denied. Chesapeake denies the remaining allegations in paragraph 42 of the Amended Complaint.

43.    Chesapeake admits only that Plaintiffs have attached certain royalty statements as Exhibit E to the Amended Complaint. These royalty statements are written documents, the contents of which speak for themselves, and the allegations therefore are denied. The remaining allegations in paragraph 43 of the Amended Complaint are conclusions of law to which no response is necessary. To the extent any of those allegations are deemed factual, such allegations are denied.

44.    Chesapeake admits only that Plaintiffs have attached certain royalty statements as Exhibit E to the Amended Complaint. These royalty statements are written documents, the contents of which speak for themselves, and the allegations therefore are denied. Chesapeake lacks knowledge or information sufficient to form a belief as to the truth of the calculations that appear in paragraph 44 of the Amended Complaint and, therefore, the allegations are denied. Chesapeake denies the remaining allegations in paragraph 44 of the Amended Complaint.

45.    Chesapeake admits only that Chesapeake Midstream Partners, L.P. changed its name to Access Midstream Partners, L.P. on July 24, 2012.

Chesapeake denies the remaining allegations in paragraph 45 of the Amended Complaint.

46.    Chesapeake admits only that some former Access managers and directors have also been officers of Chesapeake or Chesapeake subsidiaries. Chesapeake denies the remaining allegations in paragraph 46 of the Amended Complaint.

47.    Chesapeake admits that J. Michael Stice was the President and Chief Operating Officer of its subsidiary Chesapeake Midstream Development, L.P. and a Vice President of Chesapeake from November 2008 through December 2012. Chesapeake also admits, upon information and belief, that Mr. Stice was at one point the Chief Executive Officer of Access Midstream Partners GP, L.L.C. Chesapeake denies the remaining allegations in paragraph 47 of the Amended Complaint.

48.    Chesapeake admits that Domenic J. Dell'Osso, Jr. was appointed as the Executive Vice President and Chief Financial Officer of Chesapeake, CALLC, CMD, CEMLLC, CELLC, and COLLC.  Chesapeake also admits that Mr. Dell'Osso served as a director of Access Midstream's general partner, Access Midstream Partners GP, L.L.C. from May 11, 2011 to July 1, 2014.  Chesapeake denies the remaining allegations in paragraph 48 of the Amended Complaint.

49.    Chesapeake admits that Mr. Stice and Mr. Dell'Osso were formerly officers of Chesapeake Midstream Development, L.P.  Chesapeake also admits that Mr. Dell'Osso is currently an officer of Chesapeake.  Chesapeake also admits that, upon information and belief, Mr. Stice was at one point the Chief Executive Officer of Access Midstream Partners GP, L.L.C.  Chesapeake also admits that Mr. Dell'Osso served as a director of Access Midstream's general partner, Access Midstream Partners GP, L.L.C. from May 11, 2011 to July 1, 2014.  Chesapeake denies the remaining allegations in paragraph 49 of the Amended Complaint.

50.    The allegations in paragraph 50 of the Amended Complaint refer to written documents, the contents of which speak for themselves, and the allegations therefore are denied.  By way of further response, paragraph 50 states conclusions of law to which no response is necessary.  To the extent any of those allegations are deemed factual, such allegations are denied.

51.    The allegations in paragraph 51 of the Amended Complaint refer to the *ProPublica* Article, which is a written document, and other written documents, the contents of which speak for themselves, and the allegations therefore are denied.  To the extent the allegations in paragraph 51 are intended to independently allege facts, as opposed to simply characterizing the contents of the documents which are themselves hearsay, the allegations are denied.

52.    Chesapeake denies the allegations in paragraph 52 of the Amended Complaint.

53.    Chesapeake denies the allegations in paragraph 53 of the Amended Complaint.  By way of further response, see *Kilmer v. Elexco Land Services, Inc.*, 990 A.2d 1147 (Pa. 2010).

54.    The allegations in paragraph 54 of the Amended Complaint refer to a written document, the content of which speaks for itself, and the allegations therefore are denied.  Chesapeake denies the remaining allegations in paragraph 54 of the Amended Complaint.

## CLASS ACTION ALLEGATIONS

55.    The allegations in paragraph 55 of the Amended Complaint are denied, except that Chesapeake admits only that this paragraph identifies the class of persons on whose behalf Plaintiffs purport to assert claims.  Chesapeake specifically denies that the claims Plaintiffs purport to bring on behalf of the group of persons identified in this paragraph are appropriately resolved on a class-wide basis and/or that the group of persons identified in this paragraph may be properly certified as a class.

56.    The allegation in the last sentence of paragraph 56 of the Amended Complaint is a conclusion of law to which no response is necessary.  To the extent the allegation in the last sentence of paragraph 56 is deemed factual, such

allegation is denied.  The remaining allegations in paragraph 56 of the Amended
Complaint are denied.  Chesapeake specifically denies that this action is suitable
for resolution on a class-wide basis and that the individuals and entities Plaintiffs
purport to represent can be properly certified as a class.

57.     The allegations in paragraph 57 of the Amended Complaint (including
subparagraphs a-e) are conclusions of law to which no response is necessary.  To
the extent allegations in paragraph 57 (including subparagraphs a-e) are deemed
factual, such allegations are denied.  Chesapeake specifically denies that this action
is suitable for resolution on a class-wide basis and that the individuals and entities
Plaintiffs purport to represent can be properly certified as a class.

58.     The allegations in paragraph 58 of the Amended Complaint are
conclusions of law to which no response is necessary.  To the extent allegations in
paragraph 58 are deemed factual, such allegations are denied.  Chesapeake
specifically denies that this action is suitable for resolution on a class-wide basis
and that the individuals and entities Plaintiffs purport to represent can be properly
certified as a class.

59.     The allegations in paragraph 59 of the Amended Complaint are
conclusions of law to which no response is necessary.  To the extent allegations in
paragraph 59 are deemed factual, such allegations are denied.  Chesapeake
specifically denies that this action is suitable for resolution on a class-wide basis

and that the individuals and entities Plaintiffs purport to represent can be properly certified as a class.

60.    The allegations in paragraph 60 of the Amended Complaint are conclusions of law to which no response is necessary.  To the extent allegations in paragraph 60 are deemed factual, such allegations are denied.  Chesapeake specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals and entities Plaintiffs purport to represent can be properly certified as a class.

61.    The allegations in paragraph 61 of the Amended Complaint are conclusions of law to which no response is necessary.  To the extent allegations in paragraph 61 are deemed factual, such allegations are denied.  Chesapeake specifically denies that this action is suitable for resolution on a class-wide basis and that the individuals and entities Plaintiffs purport to represent can be properly certified as a class.

## FIRST CAUSE OF ACTION

62.    Chesapeake incorporates the preceding responses by reference.

63.    The allegations in paragraph 63 of the Amended Complaint are conclusions of law to which no response is necessary.  To the extent allegations in paragraph 63 are deemed factual, such allegations are denied.

64.     The allegations in paragraph 64 of the Amended Complaint are conclusions of law to which no response is necessary.  To the extent allegations in paragraph 64 are deemed factual, such allegations are denied.

65.     The allegations in paragraph 65 of the Amended Complaint are conclusions of law to which no response is necessary.  To the extent allegations in paragraph 65 are deemed factual, such allegations are denied.

66.     The allegations in paragraph 66 of the Amended Complaint are conclusions of law to which no response is necessary.  To the extent allegations in paragraph 66 are deemed factual, such allegations are denied.

67.     The allegations in paragraph 67 of the Amended Complaint are conclusions of law to which no response is necessary.  To the extent allegations in paragraph 67 are deemed factual, such allegations are denied.

68.     The allegations in paragraph 68 of the Amended Complaint are conclusions of law to which no response is necessary.  To the extent allegations in paragraph 68 are deemed factual, such allegations are denied.

69.     The allegations in paragraph 69 of the Amended Complaint are conclusions of law to which no response is necessary.  To the extent allegations in paragraph 69 are deemed factual, such allegations are denied.

70.     Chesapeake admits only that Plaintiffs have attached certain royalty statements as Exhibits D and E to the Amended Complaint.  These royalty

statements are written documents, the contents of which speak for themselves, and the allegations therefore are denied.  The remaining allegations in paragraph 70 of the Amended Complaint are conclusions of law to which no response is necessary.  To the extent allegations in paragraph 70 are deemed factual, such allegations are denied.

71.    The allegations in paragraph 71 of the Amended Complaint are conclusions of law to which no response is necessary.  To the extent allegations in paragraph 71 are deemed factual, such allegations are denied.

72.    The allegations in paragraph 72 of the Amended Complaint are conclusions of law to which no response is necessary.  To the extent allegations in paragraph 72 are deemed factual, such allegations are denied.

73.    The allegations in paragraph 73 of the Amended Complaint are conclusions of law to which no response is necessary.  To the extent allegations in paragraph 73 are deemed factual, such allegations are denied.  By way of further response, the Marcellus Gas Gathering Agreement does not apply to Plaintiffs' wells.

74.    The allegations in paragraph 74 of the Amended Complaint are conclusions of law to which no response is necessary.  To the extent allegations in paragraph 74 are deemed factual, such allegations are denied.

75.    The allegations in paragraph 75 of the Amended Complaint are conclusions of law to which no response is necessary.  To the extent allegations in paragraph 75 are deemed factual, such allegations are denied.

76.    The allegations in paragraph 76 of the Amended Complaint are conclusions of law to which no response is necessary.  To the extent allegations in paragraph 76 are deemed factual, such allegations are denied.

77.    The allegations in paragraph 77 of the Amended Complaint are conclusions of law to which no response is necessary.  To the extent allegations in paragraph 77 are deemed factual, such allegations are denied.   Chesapeake specifically denies that Plaintiffs have suffered a cognizable injury in this case.

78.    The allegations in paragraph 78 of the Amended Complaint are conclusions of law to which no response is necessary.  To the extent allegations in paragraph 78 are deemed factual, such allegations are denied.

## SECOND CAUSE OF ACTION

79.    Chesapeake incorporates the preceding responses by reference.

80.    The allegations in paragraph 80 of the Amended Complaint are conclusions of law to which no response is necessary.  To the extent allegations in paragraph 80 are deemed factual, such allegations are denied.

81.    Chesapeake denies the allegations in the first sentence of paragraph 81 of the Amended Complaint.  The allegations in the second and third sentences of

paragraph 81 are directed at other parties.  To the extent those allegations are directed at Chesapeake, all such allegations are denied.

82.    The allegations in paragraph 82 of the Amended Complaint are conclusions of law to which no response is necessary.  To the extent allegations in paragraph 82 are deemed factual, such allegations are denied.

83.    The allegations in paragraph 83 of the Amended Complaint are conclusions of law to which no response is necessary.  To the extent allegations in paragraph 83 are deemed factual, such allegations are denied.

### PRAYER FOR RELIEF

Chesapeake denies that Plaintiffs are entitled to the relief sought or to any relief whatsoever.

WHEREFORE, Chesapeake requests that judgment be entered against Plaintiffs as follows:

A.  That Plaintiffs take nothing by this action;

B.  That Chesapeake recover all its fees and costs of this suit as allowed by law;

C.  That Chesapeake be awarded such other and further relief as the Court deems just and proper.

## DEFENDANT CHESAPEAKE ENERGY CORPORATION'S AFFIRMATIVE AND OTHER DEFENSES TO AMENDED CLASS ACTION COMPLAINT

Chesapeake asserts the following defenses in response to Plaintiffs' claims, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law.  Chesapeake reserves its right to assert additional defenses as they become known in the course of this matter.

### FIRST DEFENSE

Plaintiffs lack standing and/or their claims are not ripe because they have suffered no injury under the facts alleged.

### SECOND DEFENSE

Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they are required to be arbitrated under the terms of their lease agreements.

### FOURTH DEFENSE

Plaintiffs have failed to mitigate their damages, if any occurred.

### FIFTH DEFENSE

The claims in the Amended Complaint cannot be sustained as a class action.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the gist of the action doctrine.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver and/or acquiescence.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the gathering and transportation rates of which they complain are permissible under any applicable federal and/or state law.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent the damages alleged in the Amended Complaint were caused by others.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the defense of payment.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the defense of accord and satisfaction.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have asserted improper causes of action against improper parties.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of equitable estoppel.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have been released.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of res judicata and/or claim preclusion.

### NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of collateral estoppel and/or issue preclusion.

### TWENTIETH DEFENSE

Plaintiffs' claims are barred, in whole or on part, because they have been discharged.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have been settled.

### TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of merger and bar.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the one satisfaction rule.

**WHEREFORE,** Chesapeake respectfully requests that the Court dismiss Plaintiffs' Amended Complaint with prejudice, enter judgment in favor of Chesapeake and against Plaintiffs, and award Chesapeake costs, attorneys' fees and such other relief as may be Ordered by the Court.

Dated:  April __, 2016                    Respectfully submitted:

                                          */s/ Daniel T. Brier*
                                          Daniel T. Brier
                                          John B. Dempsey
                                          **MYERS BRIER & KELLY, LLP**
                                          425 Spruce Street, Suite 200
                                          Scranton, PA 18503
                                          Tel: (570) 342-6100
                                          Fax: (570) 342-6147
                                          Email:  dbrier@mbklaw.com
                                                   jdempsey@mbklaw.com

                                          Seamus C. Duffy (*pro hac vice*)
                                          Kathryn E. Deal (*pro hac vice*)
                                          **DRINKER BIDDLE & REATH LLP**
                                          One Logan Square, Suite 2000
                                          Philadelphia PA 19103
                                          Tel: (215) 988-2700
                                          Fax: (215) 988-2757
                                          Email:  seamus.duffy@dbr.com
                                                   kathryn.deal@dbr.com

                                          Daniel T. Donovan  (*pro hac vice*)
                                          Ragan Naresh (*pro hac vice*)
                                          **KIRKLAND & ELLIS LLP**
                                          655 Fifteenth Street, NW
                                          Washington, DC 20005
                                          Tel: (202) 879-5000
                                          Fax: (202) 879-5200
                                          Email:  daniel.donovan@kirkland.com
                                                   ragan.naresh@kirkland.com

                                          *Counsel for Defendant*
                                          *Chesapeake Energy Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on April __, 2016, a copy of the foregoing Amended Answer and Affirmative and Other Defenses was filed electronically.  Notice of this filing will be sent to all parties who have appeared in this action via the Court's ECF system.  Parties may access this filing through the Court's ECF system.

*/s/ Daniel T. Brier*_____
Daniel T. Brier