IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JAMES L. BROWN and ALICE BROWN, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ACCESS MIDSTREAM PARTNERS, L.P., *et al.*,<br><br>　　　　Defendants. | No. 3:14-cv-00591-KM |

**PLAINTIFFS' MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT DELL'OSSO'S
MOTION FOR RECONSIDERATION**

Plaintiffs James Brown and Alice Brown ("Brown Plaintiffs" or "Plaintiffs"), by and through their undersigned counsel, respectfully submit this memorandum of law in opposition to Defendant Domenic J. Dell'Osso's ("Dell'Osso" or "Defendant") Motion for Reconsideration of this Court's May 16, 2025 Order.

**INTRODUCTION**

Defendant's motion should be denied because it fails to satisfy controlling legal authority governing a motion for reconsideration. The motion claims this Court's order "is grounded on errors of fact and law" that are "not consistent with the Bankruptcy Court's Enforcement Order." Dft's Mem. (ECF 257) at 6. But this Court explicitly followed, and specifically quoted, the Bankruptcy Court's Order at page 6 of the May 16, 2025 Memorandum:

1

> "Plaintiffs say that claims against Dell'Osso in his capacity as an officer and director of Access were not released under the Plan. There are no specific allegations that Dell'Osso took actions solely as an officer or director of Access. It appears that claims in the Brown Plaintiffs' Complaint against Dell'Osso are linked to claims involving his role as a Chesapeake officer and to claims that this Order confirms were discharged or released under the Plan. *This Court leaves it to the Pennsylvania Court, with the benefit of the entire record before it, to determine whether any claims still exist against Dell'Osso based solely on his role as an officer or director of Access*. If there are any viable claims alleged based on acts taken solely in Dell'Osso's capacity as an Access officer or director, those claims would not be released under the Plan.
> (Doc. 245-1, at 10) (emphasis added)."

5/16/25 Mem. Op. (ECF 253) at 6 (quoting Bankruptcy Court Order).

The bankruptcy court used a legal term of art when it left the issue of Dell'Osso's potential continuing liability up to this Court, "the Pennsylvania Court, with the benefit of the entire record before it." The bankruptcy court – as this Court emphasized in its quotation of that decision set forth above – anticipated that this Court would have "***the benefit of the entire record before it***." *Id*.

The Court's phrasing was not an offhand comment; rather, "the entire record before it" phrase is a legal term of art recognized as a legal standard ***applicable to summary judgment motions*** in both the Third Circuit and the Fifth Circuit. *See*, *e.g.*, *Mid-Century Ins. Co., LLC v. French*, 412 F. Supp. 3d 511, 513 (E.D. Pa. 2019) ("in order to consider *the entire record before it*, the Court will . . . treat . . . [the] motion as a summary judgment motion.") (emphasis added), *citing Wolfington v. Reconstructive Orthopaedic Associates II PC*, 935 F.3d 187, 195-196 (3d Cir. 2019)

2

(holding it was improper to consider matters outside of the pleadings without providing notice of conversion of the motion to one for summary judgment); *Murphy v. Georgia-Pacific Corp.*, 628 F.2d 862, 866 (5th Cir. 1980) ("In considering a motion for summary judgment, a court must examine *the entire record before it*" (emphasis added, citation omitted)). In both circuits, "the entire record before it" standard and phrase is inapplicable to motions to dismiss and motions for judgment on the pleadings. *See Wolfington*, 935 F.3d at 196; *Sandlin v. Dobson Cellular Systems, Inc.*, 265 Fed. App'x. 179, 181 (5th Cir. 2008) (citing Fed. R. Civ. P. 56(c)).

Thus, this Court correctly interpreted the bankruptcy court's order as a matter of law and fact, finding that "[w]ithout the benefit of discovery and the record contemplated by the Bankruptcy Court, this Court cannot conclude that Dell'Osso never acted solely in his capacity as a director of Access." 5/16/25 Mem. Op. (ECF 253) at 9.

## LEGAL ARGUMENT

Defendant's motion for reconsideration does not, and cannot, satisfy controlling law. As the Third Circuit has emphasized, "a motion for reconsideration . . . is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). It is only appropriate "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, such a motion "must rely on one of three major grounds: (1) an

intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotation marks and brackets omitted). A motion for reconsideration may "not be used as an opportunity to relitigate the case." *Blystone*, 664 F.3d at 415; *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (same).

Defendant's motion does not cite an "intervening change in law," "the availability of new evidence," or even a "clear error of law." At best, the motion claims this Court misinterpreted the bankruptcy court's order and instead should have "[d]efer[red] to the Bankruptcy Court's interpretation of the Chapter 11 Plan . . . ." Dft's Mem. (ECF 257) at 7. But, as noted, this Court directly quoted and emphasized the bankruptcy court's order, including its use of the legal term of art "***with the benefit of the entire record before it***."

This term of art contemplates and signals that a dismissal, if any, of the claims against Defendant Dell'Osso would have to proceed through summary judgment proceedings, as this Court correctly decided in its May 16th decision. After all, the bankruptcy court, like this Court, had the Amended Class Action Complaint before it and could have dismissed the claims as barred by the discharge injunction if only the Complaint's allegations were to be considered. Instead, the bankruptcy court

4

reasoned that such a decision could only be made by this Court ***"with the benefit of the entire record before it."*** As *Wolfington*, 935 F.3d at 195-196, makes clear, statements, admissions, evidence or other matters beyond the four corners of the operative complaint may not be considered without formal conversion (and a Rule 56 opportunity for discovery) to summary judgment proceedings. Hence, this Court did not err as a matter of law or fact, and instead followed the exact process specified.

Defendant also falsely and misleadingly argues that this Court's ruling is inconsistent with "dispositive conclusions and admissions" based on this Court's finding that that "the Bankruptcy Court appears to be correct that every allegation against Dell'Osso implicates Chesapeake." Dft's Mem. (ECF 257) at 5. But, the very next sentence – which is central to this Court's opinion – reads:

> However, every allegation against Dell'Osso also implicates Access. (Doc. 57, ¶¶ 63-65, 67-68, 76, 81). Thus, it is not readily apparent to the Court that there are no claims left in the Brown matter related to Dell'Osso's actions solely as a director of Access. Instead, the Brown Plaintiffs allege that given his position in both companies, Dell'Osso was acting in both positions to benefit from wrongfully withheld royalty amounts. It follows that one of these companies' bankruptcy should not absolve him of wrongdoing connected to both.

*Id.* at 9. Defendant's bizarre attempt to gaslight the Court, by omitting obvious and material portions of this Court's prior opinion, does not withstand scrutiny or warrant reconsideration.

Defendant further attempts to relitigate the "Motion for Clarification" by

5

referring to matters outside the pleadings and claiming they should be considered to justify dismissal of the claims against him. But those prior settlement proceedings, statements and even discovery activities all focused on Chesapeake and not on the specific activities of Defendant Dell'Osso. Those claims all survived a motion to dismiss, *Brown v. Access Midstream Partners LP, et al.*, 141 F. Supp. 3d 323 (M.D. Pa. 2015), and any defenses of release or otherwise should be considered in accordance with the Federal Rules of Civil Procedure,[1] based on the entire record before the Court, as contemplated by the bankruptcy court's order and this Court's May 16 decision. Indeed, Dell'Osso has never been deposed in this or the *Suessenbach* action, nor has anyone from Access, which only reinforces the need to lift the discovery stay that has been in place for nearly a decade and allow this case to finally proceed to resolution.

---

[1] Plaintiffs recognize that Defendant previously filed an Answer to the Amended Class Action Complaint. ECF 135. In his Motion, Defendant takes the position that an amended Answer is appropriate to assert a release defense and perhaps other defenses. *See* ECF 257 at p. 7 n.1. However, Defendant did not file his Amended Answer by the June 6, 2025 deadline set by this Court.

6

## CONCLUSION

Defendant has not sustained his burden to prove a "clear error of law or fact," and his motion for reconsideration should be denied accordingly.

Dated:  June 13, 2025    Respectfully submitted,

**DONOVAN LITIGATION GROUP, LLC**
/s/ *Michael D. Donovan*
Michael D. Donovan
1885 Swedesford Road
Malvern, PA 19355
Tel:  (610) 647-6067
mdonovan@donovanlitigationgroup.com

**MCCANN & WALL, LLC**
Robert E. McCann
Two Penn Center Plaza
Philadelphia, PA 19102
Tel:  (215) 569-8488
Fax:  (215) 569-8288
rmccann@mccannwallinjurylaw.com

**SALTZ, MONGELUZZI, BARRETT & BENDESKY, PC**
Simon B. Paris
Patrick Howard
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA  19103
Tel:  (215) 575-3986
Fax:  (215) 496-0999
sparis@smbb.com
phoward@smbb.com

*Counsel for Brown Plaintiffs and the Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court, is available for viewing and downloading from the ECF system, and will be served by operation of the Court's electronic filing system (CM/ECF) upon all counsel of record.

/s/*Michael D. Donovan*
Michael D. Donovan