UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES L. BROWN, et al., | |
| Plaintiffs | CIVIL ACTION NO. 3:14-CV-00591 |
| v. | (MEHALCHICK, J.) |
| ACCESS MIDSTREAM PARTNERS, L.P., et al., | |
| Defendants | |

**MEMORANDUM**

Before the Court is a motion for reconsideration filed by Defendant Domenic J. Dell'Osso, Jr. ("Dell'Osso"). (Doc. 256). In his motion, Dell'Osso requests that this Court reconsider its May 16, 2025, Order (Doc. 254) denying Dell'Osso's request for dismissal. Plaintiffs James L. Brown on behalf of himself and all others similarly situated ("Plaintiffs") oppose the motion. (Doc. 257). For the following reason, Dell'Osso's motion will be **DENIED**. (Doc. 256).

I. **BACKGROUND AND PROCEDURAL HISTORY**

Because the Court writes primarily for the parties, the Court will provide an abbreviated background section herein. This case was filed in 2014, along with related case *The Suessenbach Family Limited Partnership et al v. Access Midstream Partners L.P., et al.* 3:14-cv-01197. Both cases raise claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") against Chesapeake Energy Corporation ("Chesapeake") Access Midstream Partners, L.P. ("Access"), and the Williams Companies, Inc. On June 28, 2020, Chesapeake filed for relief under Chapter 11 of the Bankruptcy Code. *See In re Chesapeake Energy Corporation*, No. 20-33233 (Bankr. S.D. Tex.). On January 12, 2021, Chesapeake filed the Fifth Amended Joint Chapter 11 Plan of Reorganization of Chesapeake Energy Corporation

and Its Debtor Affiliates. *See In re Chesapeake Energy Corporation*, No. 20-33233, (Bankr. S.D. Tex. Jan. 12, 2021).

On April 18, 2024, Plaintiffs in this action filed a Motion for Partial Dismissal of Claims Pursuant to Federal Rule of Civil Procedure 41(a) against Chesapeake. (Doc. 230). There, they asserted "that Chesapeake's bankruptcy does not affect claims that arose after the Effective Date of its Chapter 11 Plan or Reorganization and in no way affects the Brown Plaintiffs' claims against Dell'Osso." (Doc. 248, at 7). On May 16, 2024, Chesapeake and Dell'Osso also filed a Motion for Entry of an Order Enforcing the Confirmation Order and Plan in Bankruptcy Court. (Doc. 248, at 7). Therein, Moving Defendants argued that the Brown and Suessenbach Plaintiffs' claims against Chesapeake were discharged and released in their entirety by the Chapter 11 Plan, and that the Brown Plaintiffs' claims against Dell'Osso were similarly released in their entirety by the Chapter 11 Plan. (Doc. 248, at 8). The Bankruptcy Court agreed and on February 3, 2025, granted Moving Defendants' motion. (Doc. 248, at 8). Regarding the claims against Dell'Osso, the Bankruptcy Court concluded that Plaintiffs are "barred from litigating claims alleged against Dell'Osso in his capacity as a Chesapeake officer for pre-Effective Date acts, which includes the RICO based claims." (Doc. 248, at 8).

On February 10, 2025, Plaintiffs filed a Notice of Partial Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) to dismiss with prejudice all claims against Chesapeake Energy Corporation and all claims against Dell'Osso "to the extent they are alleged against Dell'Osso in his capacity as a Chesapeake officer for pre-Effective Date acts." (Doc. 245). On February 28, 2025, Dell'Osso and Chesapeake filed a motion to clarify, arguing that the notices were "procedurally and substantively improper." (Doc. 248, at 9). Relevant here, the

Court granted the motion for clarification but denied Dell'Osso's motion to dismiss him from this action. (Doc. 253; Doc. 254).

On May 30, 2025, Dell'Osso filed the instant motion for reconsideration and brief in support. (Doc. 256; Doc. 257). Plaintiff filed a brief in opposition on June 13, 2025. (Doc. 258). Dell'Osso filed a reply brief on June 27, 2025. (Doc. 259). Accordingly, the motion is ripe and ready for disposition.

## II.    STANDARD FOR MOTION FOR RECONSIDERATION

"A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002) (citation omitted); *see also Waye v. First Citizen's Nat'l Bank*, 846 F. Supp. 310, 314 n.3 (M.D. Pa. 1994), *aff'd,* 31 F.3d 1175 (3d Cir. 1994). The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Thus, a judgment may be amended or altered if the party seeking reconsideration shows at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café*, 176 F.3d at 677 (citation omitted). "By reason of the interest in finality, at least at the district court level, motions for reconsideration should be sparingly granted." *Cole's Wexford Hotel, Inc. v. UPMC & Highmark Inc.*, No. CV 10-1609, 2017 WL 432947, at *1 (W.D. Pa. Feb. 1, 2017).

**III.    DISCUSSION**

Dell'Osso suggests that "[d]ue to a procedural history spanning more than a decade and overlay of the bankruptcy discharge, Mr. Dell'Osso submits that material errors of fact and law warrant reconsideration." (Doc. 257, at 1). Ultimately, this Court understands Dell'Osso's argument to be that because the complaint does not sufficiently put Dell'Osso of notice of the claims against him in his capacity as an officer of Access, and because he has been discharged from this action in his capacity as an agent of Chesapeake, this Court has erred by failing to dismiss him. (Doc. 257, at 4-10). In response, Plaintiffs assert that the Court properly denied this motion "because it fails to satisfy controlling legal authority governing a motion for reconsideration." (Doc. 258, at 1). Specifically, Plaintiffs assert that the "motion does not cite an 'intervening change in law,' 'the availability of new evidence,' or even a 'clear error of law.'" (Doc. 258, at 4). For the following reasons, this Court agrees.

Given courts' preference for finality, "motion[s] for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.,* 884 F. Supp. 937, 943 (E.D. Pa. 1995). Consistently, courts have concluded that a motion for reconsideration is not a proper avenue to relitigate issues already resolved by the Court. *Drysdale v. Woerth,* 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001); *see Cabrera v. Scism*, No. 1:10-CV-1821, 2010 WL 4537910 (M.D. Pa. Nov. 3, 2010); *see also Cox v. Monica*, No. CIV.A. 1:07-CV-0534, 2008 WL 111991, at *3 (M.D. Pa. Jan. 9, 2008); *Waye v. First Citizen's Nat'l Bank,* 846 F.Supp. 310, 314 (M.D.Pa.1994) ("A motion for reconsideration is not to be used to reargue matters already argued and disposed of."), *aff'd,* 31 F.3d 1174 (3d Cir. 1994). Here, Dell'Osso's motion and accompanying brief read as an attempt to relitigate issues already resolved by this Court. (Doc. 256; Doc. 257). Indeed, Dell'Osso has failed to introduce any new evidence, intervening change of the law,

or clear error of law. (Doc. 256); *see Max's Seafood Café*, 176 F.3d at 677. As this Court previously determined, Dell'Osso remains in this action in his capacity as an alleged agent of Access, consistent with the language from the Bankruptcy Court already quoted by this Court in the challenged Order. (Doc. 254). Whether or not Dell'Osso has taken any actions based solely on his role as an officer of Access can best be determined after discovery. Until then, upon additional review of the complaint, this Court again finds that Dell'Osso is sufficiently on notice of the claims against him in this role and that he is not entitled to dismissal, as there are claims against him in the complaint that can be separated from his role at Chesapeake. Accordingly, Dell'Osso's motion for reconsideration is properly **DENIED**. (Doc. 256); *see John C.B. v. Bisignano*, No. CV 24-6049, 2025 WL 1737780, at *1 (E.D. Pa. June 23, 2025) (denying a motion for reconsideration where the movant failed to introduce new evidence, intervening change of the law, or a clear error of law).

**IV.    CONCLUSION**

For the foregoing reasons, Dell'Osso's motion for reconsideration is **DENIED**. (Doc. 256). An appropriate Order follows.

BY THE COURT:

Dated: October 27, 2025

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**